569 P.2d 415

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**George PAIZ, Defendant-Appellant.**

**No. 2819.**

Court of Appeals of New Mexico.

Aug. 9, 1977.

Rehearing Denied Aug. 23, 1977.

Writ of Certiorari Denied Sept. 19, 1977.

Anthony E. Lucero, Jr., Albuquerque, for defendant-appellant.

Tony Anaya, Atty. Gen., Paquin M. Terrazas, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Defendant appeals a conviction for unlawfully distributing heroin in violation of § 54–11–20(A)(2), N.M.S.A.1953 (Repl.Vol. 8, pt. 2, 1975 Supp.).

Defendant contends that the defense of entrapment was established as a matter of law. If this Court were members of the jury, it would probably find defendant not guilty by reason of entrapment. As a court of review, we are bound by the language used in *State v. Fiechter,* 89 N.M. 74, 77, 547 P.2d 557, 560 (1976):

Thus, under the subjective standards we approve today, it is rare indeed when entrapment may correctly be held to exist as a matter of law. And if entrapment in law is not present, then the jury must decide whether the defendant was predisposed to commit the crime.

We would suggest to the present Supreme Court that a review be made of this subjective standard in the light of *Hampton v. United States,* 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976) and Tanford, Entrapment: Guidelines for Counsel and the Courts, 13 Criminal Law Bulletin 5 (1977). Presently, the plurality of the Supreme Court of the United States, not the majority, limited the defense of entrapment solely to the subjective standard. Two justices that compose part of the majority did not foreclose reliance on due process principles to bar conviction of a defendant because of outrageous police conduct in the light of surrounding circumstances. Three dissenting justices would likewise bar conviction based on outrageous police conduct. Consequently, a majority of the Supreme Court of the United States would bar conviction under these circumstances. Perhaps the Supreme Court will reconsider overruling *State v. Sainz,* 84 N.M. 259, 501 P.2d 1247 (Ct.App.1972) as it did in *State v. Fiechter,* supra. As Justice Cardozo put it: "One does not appease the rebellion of the intellect by the reaffirmance of the evil against which intellect rebels." The defense of entrapment is in a stage of uncertainty, and makeshift compromises are made in a search for the absolute.

The confusion surrounding the defense of entrapment led Tanford to set guidelines for counsel and the courts. If the Supreme Court will adopt these guidelines, it may set the defendant free. Tanford says:

The entrapment defense is a unique concept among criminal procedures.

When a defendant asserts that he has been entrapped, he effectively admits knowing participation in a criminal offense. He is asking, in effect, that the government be estopped from prosecuting him because of the involvement of government agents in the criminal enterprise. [13 Crim.L.Bull. at 5–6].

\* \* \* \* \* \*

The debate over whether to use a subjective or an objective test of entrapment has failed to produce workable guidelines and has led to sixty years of confusion. Regardless of the theoretical merit of such a debate, it is time for a different approach to the problem. A more functional method is to frame the entrapment issues in terms of burden of proof. Breaking entrapment down along these lines produces three separate stages in the inquiry:

(1) The defendant has the burden of establishing a prima facie case of entrapment.

(2) If a prima facie showing of entrapment has been made, the prosecution has the burden of going forward with rebuttal evidence.

(3) The prosecution then bears the burden of persuading the trier of fact on all contested issues. [13 Crim.L.Bull. at 17].

This concept is based upon the principle that entrapment is an affirmative defense, the disproof of which is not an essential ingredient of the offense. The burden is on the defendant to establish a prima facie case of entrapment. If this defense is established, and if the prosecution fails to challenge this defense in rebuttal, it stands uncontroverted and establishes entrapment as a matter of law.

In the instant case, defendant, 25 years of age at the time of trial, established that in the summer of 1975, he met the informer who was, at all times herein, in the employ of the City Police of Gallup, New Mexico, and the State Police. The informer developed a warm friendship with defendant, and led defendant to believe that the informer was a wealthy person who would buy defendant anything defendant wanted. Defendant had no money at all and he had to find a way to support his family. He was not a user of heroin until the informer, once a heroin addict himself, taught the defendant this evil practice. Defendant never bought any heroin and had no money with which to buy it. It was furnished him by the informer.

The night of December 2, 1975, the informer came to defendant's home and asked defendant if he could get the informer some heroin. While defendant paused in reflection, the informer gave defendant the name and address of the person who had the heroin. The informer could not get the heroin because the possessor of heroin thought he was an undercover agent and was not trusted. The informer gave defendant a few dollars for doing the favor in order to help defendant get groceries for his family.

On December 3, 1975, the informer gave defendant's wife $50.00 to purchase the heroin. Defendant obtained the heroin and delivered it to the informer. On January 14, 1976, the same event occurred after the informer gave defendant $75.00. Defendant never sold any drugs to anyone including the informer. He was simply acting as a go-between the possessor and the informer. Defendant had never before been convicted of any criminal offense.

The informer delivered the heroin to the city and state police and thereafter defendant was arrested.

Defendant established a prima facie case that he was induced to commit the crime by law enforcement officers or their agent, the informer. After defendant testified, the trial ended. No testimony was given by the State in rebuttal. Defendant established his defense of entrapment as a matter of law under the Tanford doctrine, but not under *State v. Fiechter,* supra.

Defendant presents other claims of error, but we find no merit to any of them.

Affirmed.

IT IS SO ORDERED.

LOPEZ, J., specially concurring.

JAMES W. MUSGROVE, District Judge, concurring in result only.

LOPEZ, Judge (specially concurring).

Because of the New Mexico Supreme Court's decision in *State v. Fiechter,* 89 N.M. 74, 547 P.2d 557 (1976), we are compelled to find no entrapment as a matter of law. I wholeheartedly endorse the suggestion that the Supreme Court reconsider the rule of *Fiechter* in light of *Hampton v. United States,* 425 U.S. 484, 96 S.Ct. 1646, 48 L.Ed.2d 113 (1976). This case presents a classic example of outrageous police conduct which should be classified as entrapment as a matter of law.